## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                     Criminal No. 06-373 (JRT / SRN)

                   Plaintiff,

                                              **REPORT & RECOMMENDATION**

         v.

Aaron Solzenus Kahmann,

                   Defendant.

---

     Tracy T. Braun, Assistant United States Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for U.S.A.

     Jeff Degree, Degree Law Office, 212 Third Avenue North, Suite 545, Minneapolis, MN 55401, for Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

     This matter comes before the undersigned United States Magistrate Judge on Defendant's Motion to Suppress Evidence (Doc. No. 28). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). For the reasons stated below, this Court recommends that the motion be denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

     On March 14, 2006, police officers led by Officer Dale Hanson executed a search warrant authorizing a search of the premises at issue. The warrant was issued the previous day based on an application filed by Officer Hanson ("affiant"). His affidavit was based in large part on a report by Defendant's roommate of having observed child pornography on the premises.

     During the search, officers located and seized various items of personal property constituting or associated with child pornography on Defendant's personal computer. Consequently, the Government charged Defendant with various child pornography offenses.

II.      **DISCUSSION**

Defendant now moves to suppress all of the evidence obtained pursuant to the search warrant, arguing that the warrant was not supported by probable cause.  Judicial scrutiny "of the sufficiency of an affidavit should not take the form of *de novo* review," and the reviewing court should accord "'great deference'" to a determination of probable cause.  Illinois v. Gates, 462 U.S. 213, 236 (1983) (internal citations omitted).

In Gates, the Supreme Court clarified the standard governing the probable cause required for a search warrant based on a confidential informant's tip.  462 U.S. 213, 217 (1983).  The Court rejected any rigid framework that would require the independent satisfaction of specific tests for both (1) the basis of an informant's knowledge and (2) informant veracity (itself divided into sub-components of credibility and reliability).  Id. at 228-29 & n.4.  Instead, while these components "are all highly relevant," they are not separate tests, but rather "intertwined issues" in an overall "totality-of-the-circumstances approach" to the "commonsense, practical question" of probable cause.  Id. at 230.  The Fourth Amendment thus requires only that the issuing magistrate "had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing."  Id. at 236.  The magistrate need only conclude that "given all the circumstances . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular place."  Id. at 237.  Thus, "'affidavits should be read with common sense and not in a grudging, hyper technical fashion.'"  United States v. Goodson, 165 F.3d 610, 613 (8th Cir. 1999).

A.      **Defendant's Various Arguments Generally Challenge His Nexus To The Charged Crimes and The Lack Of Corroboration**

Defendant generally contends that the "affidavit for the warrant to search his residence contained insufficient information to establish probable cause."  (Mem. at 2.)  He asserts that the

majority of the four page application and supporting affidavit is mere "'boilerplate' language" that addresses, in only a general fashion, how computers are used on the internet to facilitate crimes against children.  (Id.)  As Defendant notes, only one paragraph of the affidavit relates specifically "to the location that is the subject of the search":

> The FBI notified the Affiant of a citizen complaint involving the possession and possible distribution of child pornography.  The citizen, Adam David Miller . . . reported that he had been told, by an acquaintance, several months ago, that this roommate [the Defendant] had child pornography on his computer.  On 3/3/06, Miller decided to check one of his roommate's external hard drives for these files after becoming angry with him over some livability issues.  Miller connected the hard drive to his computer and viewed the contents. He reported that he saw numerous file names that indicated that they were child pornography.  He said he believed that there were thousands of files on the hard drive.  He viewed approximately 15 files.  Miller described one of the files as a young girl, approximately 6 years old, performing oral sex on an unknown aged male.  He said that he believed his roommate got some of these files from file sharing networks online.

(Id. (quoting Affidavit in Support of Search Warrant).)

Defendant then raises a variety of probable cause arguments that can be organized into the following two basic contentions:  (1) that the affiant did not link the child pornography allegedly located on the premises to Defendant–what could be deemed "the offender-nexus arguments"; and (2) that the affiant did not corroborate or otherwise independently verify the information he obtained from Defendant's roommate–what could be deemed the "corroboration arguments."

With respect to the offender-nexus arguments, Defendant specifically argues that the warrant is deficient because the affiant did not state that he determined that the computer did in fact belong to Defendant or that Defendant resided at the residence in question.  (Mem. at 3.) Defendant also asserts that the warrant does not disclose that any investigation was conducted into Defendant's criminal record or sexual preferences consistent with the allegations.  (Id.)

3

With respect to the corroboration arguments, Defendant asserts that "it appears that all of the information obtained by [the affiant] was given to him by the FBI" but without identifying exactly who at that agency was the source.  (Id. at 3.)  Defendant also contends that the affidavit does not disclose that the affiant ever spoke "with the citizen complainant himself" or that the affiant performed any follow up investigation to determine that source's credibility.  (Id.) Defendant claims that there was no corroboration of the source's story or independent investigation of any kind other than an FBI agent speaking with that source and then forwarding the information on to the affiant–that is, that no investigation was "conducted other than obtaining a complaint made to another agency," the FBI.  (Id.)  Defendant also argues that the warrant is deficient because the affiant did not state that he determined the identity of the citizen complainant's acquaintance who first informed complainant that child pornography was located on complainant's roommate's computer.  (Id.)

**B.     The Search Warrant Was Sufficient Under These Circumstances Because It Was Supported By Probable Cause That The Particular Materials Sought Were Located At The Specified Premises**

Granted, the bulk of the affidavit is directed in general terms at the nature of child pornography and its distribution over the internet.  But even if the affidavit is perhaps not optimal, the portion that is directed at the child pornography on the premises at issue is sufficiently detailed so as to satisfy the requirements for a search warrant.

Defendant's offender-nexus arguments misconceive the nature of the warrant at issue here and the Fourth Amendment's requirements with respect to such a warrant.  The warrant at issue is a search warrant, not an arrest warrant, and the Supreme Court has clarified the important differences between the two:  "Search warrants are not directed at persons; they authorize the search of 'place[s]' and the seizure of 'things,' and as a constitutional matter they

4

need not even name the person from whom the things will be seized." Zurcher v. The Stanford Daily, 436 U.S. 537, 555 (1978).[1]  Accordingly, "the critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." Id. at 556.  As the Court explained, a search warrant, unlike an arrest warrant, does not require the identification of "'any particular person as the likely offender.'" Id. at 557 n.6 (internal quotation omitted).

Accordingly, Defendant's offender-nexus arguments–that is, arguments that the warrant and supporting affidavit did not identify him as the owner of the computer, as a resident of the premises, or as a probable suspect for child pornography offenses–are essentially irrelevant. See United States v. Hay, 231 F.3d 630, 635 (9th Cir. 2000) (rejecting as "misfocus[ed]" the argument that affidavit failed to indicate that defendant "was a child molester, pedophile, or collector of child pornography" and failed to establish nexus between the crime and defendant's apartment).  This is not a case (perhaps the more frequent case) where the government first identifies a person as being involved in child pornography and then seeks a warrant to search that person's property for such materials.  Rather, here the government first obtained probable cause to believe that child pornography was present on particular premises.[2]

---

[1]  Although Zurcher concerned a third party search warrant–that is, a warrant to search for evidence located on property owned by a person not suspected of criminal wrongdoing–its reasoning and the distinction it delineates between search and arrest warrants apply with equal force in the present context where the suspect is a resident of the premises to be searched and the owner of the property to be seized.

[2]  In other words, this case does not present the more frequently-encountered nexus argument–that it was not clear that the evidence would be found at the place to be searched.  "[T]here must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue."  United States v. Tellez, 217 F.3d 547, 550 (8th Cir. 2000).  But the requisite nexus does not require certainty.  Rather, probable cause for a search warrant

In sum, the warrant, as based on the supporting affidavit, was directed towards particular items of property constituting or associated with child pornography that were located on the premises specified in the warrant.  This satisfies the two requirements for a search warrant: "'that the items sought are in fact seizable by virtue of being connected with criminal activity, and that the items will be found in the place to be searched.'"  <u>Zurcher</u>, 436 U.S. at 557 n.6 (internal quotation omitted).

Moreover, the source of the information supporting the warrant was a resident of those same premises, the Defendant's roommate, who informed law enforcement officials that he personally observed images indisputably constituting child pornography and that those images were stored on a computer located at the residence he shared with Defendant.  Thus, putting aside briefly the issue of the source's credibility and veracity, there is no issue for present purposes of probable cause with respect to whether the materials did in fact constitute child pornography or whether they would be found on the specified premises.

### C.     The Warrant Was Not Defective For Lack of Corroboration

Defendant's remaining arguments are directed towards the source's credibility and veracity–that is, that the affiant did not independently corroborate the roommate's story.  But again, Defendant's corroboration arguments are largely misplaced.

### 1.     The Affiant Properly Relied Upon His Sources' Information

Defendant first claims that the supporting affidavit consists exclusively of information obtained from the FBI.  (Mem. at 3.)  Defendant thus seems to argue that the affidavit was not

---

"means 'a <u>fair probability</u> that contraband or evidence of a crime will be found in a particular place' given the circumstances set forth in the affidavit.'"  <u>Id.</u> at 549 (internal citation omitted) (emphasis added).  Here, that nexus was provided by a witness who personally observed the materials on the premises to be searched.

confined to the affiant's own personal knowledge.  But it is well-settled that all of the

information in an affidavit need not be based on the personal knowledge of the affiant.  Indeed,

an affidavit may rest "wholly on hearsay" as long as "a substantial basis for crediting the hearsay

is presented."  Jones v. United States, 362 U.S. 257, 269 (1960) ("We conclude therefore that

hearsay may be the basis for a warrant."), overruled on other grounds, United States v. Salvucci,

448 U.S. 83, 85 (1980) (overruling automatic standing rule of Jones).  The fact that the affiant is

the last link in a chain of such information does not necessarily render the affidavit

constitutionally defective.  Cf. United States v. Mahler, 442 F.2d 1172, 1174 (9th Cir. 1971)

(affirming conviction over warrant challenge where affiant was "an F.B.I. agent at San Diego,

who detailed information received from an F.B.I. agent at Tucson, who got most of his

information from the victim").  Here, the local police officer who prepared the application for the

warrant was entitled to rely on a report received from the FBI.

### 2.    Corroboration Is Not Required Of Trustworthy Citizen Complainants

Defendant's central claim, however, rests on his characterization of the ultimate source of

the affiant's information–that is, Defendant's roommate, who provided the information to the

FBI–as an "informant."  Defendant thereby questions the roommate's reliability and veracity,

claiming that none of the information obtained from him was corroborated by law enforcement

officers.  (Mem. at 3.)

But unlike the anonymous tipster at issue in Illinois v. Gates, the source here is not the

conventional "confidential informant"–an unnamed person who is often himself a member of the

"criminal milieu" and who has provided law enforcement with tips of criminal activity.  Here, in

contrast, the affidavit was based on information from a citizen who was not a regular or paid

"informant."

The Eighth Circuit has clarified that "[p]robable cause may be found [(1)] in hearsay statements from reliable persons, [(2)] in hearsay statements from confidential informants corroborated by independent investigation, or [(3)] in observations made by trained law enforcement officers." Walden v. Carmack, 156 F.3d 861, 870 (8ᵗʰ Cir. 1998) (internal citations omitted). All of the information at issue here comes from sources of types (1) and (3), and none from type (2), that is, confidential informants.

The showings of reliability and veracity that the Defendant demands here are required, of course, of confidential informants. But those requirements are imposed less, if at all, on victims, witnesses and mere "citizen-informants" as opposed to professional informants. 2 LaFave, Search and Seizure § 3.4(a), at pp. 218-21 (4ᵗʰ ed. 2004) (citing Jaben v. United States, 381 U.S. 214 (1965) (distinguishing between need for corroboration of narcotics informant's credibility, and lesser need in tax evasion case); United States v. Harris, 403 U.S. 573, 599 (1971) (Harlan, J., dissenting) ("I think there is much truth in the Government's supporting assertion that the ordinary citizen who has never before reported a crime to the police may, in fact, be more reliable than one who supplies information on a regular basis.")).

"The lower courts have rather consistently held that the proof-of-veracity rules which obtain in informant cases are not applicable with respect to other sources of information." 2 LaFave, supra, § 3.4(a), at p. 220. "'[A] citizen informant is inherently more reliable than the usual police informants who are often mired in some criminal activity themselves.'" Edwards v. Cabrera, 58 F.3d 290, 294 (7ᵗʰ Cir. 1995) (internal citation omitted). Thus, where an affiant recites information obtained from "a private citizen and a victim," the usual degree of corroboration is not required. United States v. Lewis, 738 F.2d 916, 922 (8ᵗʰ Cir. 1984) (rejecting challenge to source's credibility and reliability). Accord United States v. Ross, 713

F.2d 389, 393 (8th Cir. 1983) ("We here deal with a citizen informant with no motive to falsify, rather than a professional informant, with attendant credibility concerns."); see also United States v. Patane, 304 F.3d 1013, 1016-17 (10th Cir. 2002) (relying on "the presumption of veracity accorded other victim-witnesses"), rev'd on other grounds, 542 U.S. 630 (2004) (effect of failure to give Miranda warnings); United States v. Sparks, 265 F.3d 825, 830 (9th Cir. 2001) ("This was not an unreliable criminal informant, but a complaining victim who had no apparent reason to lie."); United States v. Burbridge, 252 F.3d 775, 778 (5th Cir. 2001) (stating that "[a]n ordinary citizen's eyewitness account . . . is normally sufficient to supply probable cause" without further corroboration).

In short, there is no strict requirement that the statements of an average citizen such as Defendant's roommate must be corroborated by law enforcement to establish the requisite reliability to support probable cause. United States v. Blount, 123 F.3d 831, 836 (5th Cir. 1997) (citing Illinois v. Gates, 462 U.S. 213, 233-34 (1983)). Indeed, the Court in Gates differentiated between anonymous informants and the "honest citizen" who "comes forward with a report of criminal activity." 462 U.S. at 233-34. Here the citizen's personal observation of the child pornography separates it from the inadequate warrant at issue in Aguilar v. Texas, 378 U.S. 108, 113-14 (1964), that was based on an unidentified informant's mere suspicion or belief of criminal activity. See Gates, 462 U.S. at 239 (citing Aguilar to contrast inadequate warrant based only on "suspicion" with valid warrant based on reliable facts).

### D.    The Information Was Not Stale

Defendant next contends that the information supporting the warrant was stale because the application "was presented to the state judge ten days after the report is represented to have been made to the FBI." (Mem. at 4.) Defendant also notes that "[t]here is no indication as to

when subsequently the FBI notified Officer Hansen of the complaint and there does not appear to have been any further investigation conducted," such that there was no need for the delay.  (Id.)[3]

The government counters by noting that the total lapse of time here is far shorter than that approved by the courts in similar cases and that the nature of the offense undermines any argument of staleness here.  (Mem. at 6-7 (discussing child pornography cases rejecting staleness arguments regarding delays of months).)

Although delay in seeking and obtaining a search warrant may invalidate it, lapse of time alone is not necessarily controlling because other factors–"'including the nature of the criminal activity involved, and the kind of property for which authority to search is sought'"–are relevant. United States v. Ozar, 50 F.3d 1440, 1446 (8th Cir. 1995) (internal citation omitted).  Thus, delay "is less significant when there is cause to suspect continuing criminal activity."  Id. (addressing conspiracy to commit bank fraud).

Here, in light of the fact that the evidence sought was the type of property that would likely have remained on the premises, the short delay of some 10 days does not render the warrant stale so as to invalidate it as a matter of law.  Cf. United States v. Chrobak, 289 F.3d 1043, 1046 (8th Cir. 2002) (rejecting argument that lapse of three months rendered warrant stale in child pornography prosecution); United States v. Horn, 187 F.3d 781, 786-87 (8th Cir. 1999) (same).

---

[3] To the extent that Defendant is claiming some improper or excessive delay between when the FBI first obtained the information and when that agency then relayed it on to local officials, the Court notes that the relevant issue would appear to be the time elapsed from when the criminal activity occurred or the evidence was observed and when the warrant was sought (and perhaps also when executed), rather than the time of any sub-interval of that overall period.

### III.   CONCLUSION

The affidavit supporting the search warrant was sufficient to support probable cause because it recited specific facts that child pornography had been personally observed on the premises by a citizen whose credibility and veracity were not subject to doubt.

### IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1.     Defendant's motion to suppress evidence obtained pursuant to the search warrant (Docket No. 28) be DENIED.


Dated:  January 25, 2007

           s/ Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by February 9, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.